*755 OPINION OF THE COURT
Laura Visitacion-Lewis, J.
In this matter, brought by emergency order to show cause, the Vera Institute of Justice, Guardianship Project (Vera), moves for an order authorizing it, as guardian of the person and property of the above-named incapacitated person, A.M., to act on his behalf in withholding consent to his intubation with a per-cutaneous endoscopic gastronomy (PEG) feeding tube, to diagnostic testing, and to medical treatment of a metastasized cancer; and, further, authorizing Vera to act on Mr. M.’s behalf in granting consent to palliative and/or hospice care, and in executing orders of do not resuscitate and do not intubate.
The undisputed facts establish that A.M. is a 92-year-old man who is a resident of the Northern Manhattan Nursing Home, 116 East 125th Street, New York, New York, where his primary care physician, Girish Patel, M.D., has treated him since November 2006. Dr. Patel, who testified in support of the application by speaker phone in the courtroom, diagnosed Mr. M. as suffering from, inter alia, dementia, hypothyroidism, and a malignant, terminal cancer. The doctors believe that Mr. M. has only weeks or months to live, and that, with or without medical intervention, he will not live more than six months.
Due to his dementia, which manifests in impaired judgment and other cognitive dysfunction, Mr. M. lacks the capacity to comprehend his condition and to weigh the risks and benefits of his medical options. He cannot, therefore, make major medical decisions, and he has not executed advance directives, such as a health care proxy or living will. Since the inception of the guardianship, Vera’s case managers have unsuccessfully attempted to ascertain Mr. M.’s end-of-life wishes, both in discussions with him, and through his relatives. In addition, despite his religious background as a Catholic, when Mr. M. was more lucid, he was not interested in speaking with a priest.
To the extent that Mr. M. has, in the recent past, been capable of expressing a view regarding medical treatment, he has refused to permit even such minor medical procedures as the taking of blood samples, by waving away medical personnel. Of late, Mr. M. has not been communicative in any form, or responsive to the communication of others, and has substantially reduced his intake of food.
Dr. Patel testified that the insertion of a PEG feeding tube can cause Mr. M. pain, and would be a medically futile course *756 that creates the risk of other complications, such as infection, aspiration, pneumonia, and rapid spread of the malignancy. The doctor further testified that such intubation will not prolong any meaningful, or even conscious, life, but will enhance Mr. M.’s discomfort and cause him more suffering. For these reasons, Dr. Patel recommended that Mr. M. not be intubated with a PEG, or undergo any other form of intubation, and that he not receive cardiopulmonary resuscitation. It was the doctor’s opinion, to a reasonable degree of medical certainty, that any such medical measures would be extremely burdensome, painful, and without benefit. Dr. Patel testified that he had the full concurrence of colleagues, including the medical director of Northern Manhattan Nursing Home, with whom he consulted about Mr. M.’s case.
Vera brings this application pursuant to its guardianship powers under Mental Hygiene Law § 81.22 (a) (8), granted by final order and judgment (M. Schafer, J.) filed July 3, 2008, and in accordance with its authority under article 29-CC of the Public Health Law, known as the Family Health Care Decisions Act (FHCDA). In pertinent part, the FHCDA, section 2994-d (5), provides that decisions by surrogates to withhold or withdraw life-sustaining treatment shall be authorized if the following conditions are satisfied:
“(a) (i) Treatment would be an extraordinary burden to the patient and an attending physician determines, with the independent concurrence of another physician, to a reasonable degree of medical certainty and in accord with accepted medical standards, (A) the patient has an illness or injury which can be expected to cause death within six months, whether or not treatment is provided; or (B) the patient is permanently unconscious; or
“(ü) The provision of treatment would involve such pain, suffering or other burden that it would reasonably be deemed inhumane or extraordinarily burdensome under the circumstances and the patient has an irreversible or incurable condition, as determined by an attending physician with the independent concurrence of another physician to a reasonable degree of medical certainty and in accord with accepted medical standards.”
The filings, exhibits, and testimonial evidence before the court establish that the above conditions have been met in Mr. M.’s case, and that Vera is therefore authorized, pursuant to FHCDA *757 section 2994-d (5), to withhold consent to Mr. M.’s intubation with a PEG feeding tube, as well as for the diagnostic testing and medical treatment of his cancer; and, further, that Vera may act on Mr. M.’s behalf, in accordance with both the FHCDA, section 2994-d (5), and its powers as guardian, to consent to palliative and/or hospice care; and to execute orders of do not resuscitate and do not intubate.